# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Corkeitha Hicks, individually, on behalf of all others similarly situated, and on behalf of the Plan,<br><br>Plaintiffs,<br><br>v.<br><br>Waffle House, Inc.,<br><br>Defendant. | Case No. 1:26-cv-5066-ELR |

**DECLARATION OF SCARLET VALENCIA IN SUPPORT OF DEFENDANT WAFFLE HOUSE INC.'S MOTION TO COMPEL ARBITRATION**

I, **Scarlet Valencia**, declare pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that the following is true and correct:

1. I am over eighteen years of age, competent to testify, and make this Declaration based upon my personal knowledge and my review of records maintained by Waffle House, Inc. ("WHI"). The records discussed below are maintained by WHI in the ordinary course of business and were made at or near the time of the events they describe by persons with knowledge of those events. If called as a witness, I could and would testify competently to the matters stated herein.

2. I am a **Paralegal** for WHI, and I am employed by WHI. I have been employed with WHI since September 23, 2022.

3. As a **Paralegal**, my job duties and responsibilities include access to, review of, and custody of documents and records kept and maintained by WHI as part of its regular business practices and procedures.

4. In my capacity as **Paralegal**, I have access to records maintained in the ordinary course of business by WHI.

**Plaintiff's Employment Applications with WHI**

5. Based on my review of WHI's records maintained in the ordinary course of business, I am aware that Plaintiff Corkeitha Hicks ("Plaintiff") was employed by WHI for multiple years prior to the events giving rise to this action.

6. Plaintiff's employment with WHI ended on September 27, 2024. A true and correct copy of Plaintiff's separation notice is attached as **Exhibit A**.

7. On October 9, 2024, Plaintiff submitted an online application for employment with WHI at a Waffle House restaurant located in McDonough, Georgia. A true and correct copy of the application and associated arbitration agreement Plaintiff accepted as part of that application process is attached as **Exhibit B**.

8. Plaintiff worked for WHI for approximately two weeks after submitting her October 9, 2024 online application for employment. Plaintiff's employment with WHI ended on or around October 24, 2024.

9. On June 1, 2026, Plaintiff again submitted an online application for employment with WHI at a Waffle House restaurant located in Forsyth, Georgia. A true and correct copy of the application and associated arbitration agreement Plaintiff accepted as part of that application process is attached as **Exhibit C**.

**The Arbitration Agreements**

10. During Plaintiff's October 2024 and June 2026 online applications, acceptance of the terms of WHI's Mandatory Arbitration or Pre-Employment and/or Employment Disputes Arbitration Program was a condition of WHI's reviewing and processing of Plaintiff's employment applications.

11. The WHI Arbitration Program terms presented during both Plaintiff's October 2024 and June 2026 online applications were effective as of October 7, 2022, and the terms presented during both online applications were identical in all material respects.

12. WHI's records reflect that on October 9, 2024, Plaintiff electronically acknowledged and accepted the terms of the WHI Arbitration Program. WHI's records also reflect that Plaintiff electronically acknowledged the jury trial waiver by inserting her initials "Clh" next to the statement: "Insert your initials here

indicating your explicit WAIVER OF YOUR RIGHT TO A JURY TRIAL FOR EMPLOYMENT DISPUTES."

13. **Exhibit B** is a true and correct copy of Plaintiff's electronically executed Arbitration Agreement signed October 24, 2024, including the terms she accepted and the corresponding electronic signature and acknowledgment record.

14. WHI's records further reflect that on June 1, 2026, Plaintiff electronically acknowledged and accepted the terms of the WHI Arbitration Program. WHI's records also reflect that Plaintiff electronically acknowledged the jury trial waiver by inserting her initials "CH" next to the statement: "Insert your initials here indicating your explicit WAIVER OF YOUR RIGHT TO A JURY TRIAL FOR EMPLOYMENT DISPUTES."

15. **Exhibit C** is a true and correct copy of Plaintiff's electronically executed Arbitration Agreement signed June 1, 2026, including the terms she accepted and the corresponding electronic signature and acknowledgment record.

**Plaintiff's Participation in the Waffle House System Employee Benefit Plan**

16. Based on my review of WHI's records maintained in the ordinary course of business, I also am aware that Plaintiff participated in the Waffle House System Employee Benefit Plan (the "Plan").

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 6 day of October, 2026, in Norcross, Georgia.

Scarlet Valencia
Paralegal, Waffle House, Inc.